UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| International Enterprises, Inc., | ) | CASE NO. 5:18CV594 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| CVS Pharmacy, Inc., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) ) | (Resolves Doc. 16) |

This matter comes before the Court on a motion for judgment on the pleadings filed by Defendant CVS Pharmacy, Inc. ("CVS"). Doc. 16. Plaintiff International Enterprises, Inc. ("International") has opposed the motion, and CVS has replied. The motion for judgment on the pleadings (Doc. 16) is GRANTED.

## I.  LEGAL STANDARD

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## II. FACTS

International is a discount wholesaler and has been in business with CVS for multiple decades. The instant dispute arises from a request for proposal that CVS issued in April of 2016. In that RFP, CVS sought an entity to perform liquidation services. In its simplest form, the entity would take unwanted inventory from CVS acquisitions, purchase the inventory at a discounted rate, and then independently sell the inventory. International contends that this RFP sought a single liquidator to perform all of CVS' liquidations.

International responded to the RFP, and the parties ultimately entered into a contract that was to begin on August 1, 2016 and run through August 1, 2019. In February of 2018, International filed suit in the Stark County Court of Common Pleas, alleging breach of contract, unjust enrichment, and fraud causes of action. On March 14, 2018, CVS removed the matter to this Court. CVS thereafter denied the allegations in the complaint and filed a counterclaim. On May 21, 2018, CVS moved for judgment on the pleadings on all three claims in the complaint. International opposed the motion, and CVS replied in support. The Court now resolves the parties' arguments.

### III. ANALYSIS

1. <u>Breach of Contract</u>

International's breach of contract claim contends that 1) CVS failed to use International as its first option for all liquidations, 2) CVS offered liquidations to other wholesalers at lower prices, 3) CVS inflated the retail price of merchandise that it liquidated with International, and 4) CVS included expired, expiring, or dated merchandise in its liquidations with International.

The parties' contract designates that it will be governed by New York law. With respect to contract interpretation, New York law provides:

> When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations. Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms. Furthermore, interpretation of an unambiguous contract provision is a function for the court. When interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized.

*Patsis v. Nicolia*, 120 A.D.3d 1326, 1327, 992 N.Y.S.2d 349, 350 (2014) (citations omitted). Moreover, "language whose meaning is otherwise plain does not become ambiguous merely

3

because the parties urge different interpretations. The court is not required to find the language ambiguous where the interpretation urged by one party would strain the contract language beyond its reasonable and ordinary meaning." *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989) (alterations omitted) (quoting *Bethlehem Steel Co. v. Turner Constr. Co.*, 2 N.Y.2d 456, 459 (1957)).

The plain language of the parties' contract defeats International's first assertion that CVS was obligation to present *all* of its liquidations to International. The contract reads in pertinent part:

> CVS presently intends to obtain Services from Vendor provided Vendor is providing Services in a timely and consistent manner as described in Section 2.2. Notwithstanding the foregoing, it is agreed to by the parties that CVS shall not be obligated to purchase any minimum amount of Services from Vendor pursuant hereto and that *CVS shall be under no obligation to purchase any or all of its Service from Vendor* pursuant hereto.
>
> If Vendor is unable to fulfill CVS' requests to provide Services in a timely and consistent manner as described in Section 2.2, CVS may make alternate arrangements that meet CVS' requirements, and which ensure timely and cost effective rendering of Services to CVS.

Doc. 10-1 at 1 (emphasis added). In an attempt to avoid the clear import of the emphasized language, International contends that the second paragraph quoted above creates their contractual rights. Effectively, International asks that the Court interpret the second paragraph to state that *any* time that International is willing to fulfill a request, then CVS must offer that liquidation opportunity to International. However, such an interpretation is untenable.

First, nothing in the language quoted suggests that CVS has an obligation. Instead, it discusses CVS' rights should International be unable to fulfill its obligations. Second, International's proposed interpretation would directly conflict with the emphasized language from the prior paragraph and render it meaningless. Under International's interpretation, CVS

4

would indeed be obligated to purchase all of its services from International, so long as International provided them in a timely manner. The parties' chose language, however, expressly provides that CVS is under no such obligation. Accordingly, International's breach of contract claim on this basis cannot be maintained.

International's remaining three bases for its breach of contract claim fail for a simpler reason. Namely, International has failed to identify the source of the alleged obligations that were breached. For example, International alleges that CVS offered better pricing to other liquidators. International, however, does not point to any portion of the contract that would prohibit CVS from engaging in that activity, nor is there any provision in the parties' written agreement that mandates that International receive the same pricing as other liquidators. Similarly, nothing in the parties' written agreement details the pricing of merchandise or the sale of expiring or expired merchandise.

The Court acknowledges International's assertion that the parties' contract may not include every term of the agreement and therefore may be supplemented by parol evidence. However, even under notice pleading, International is obligated to identify the source of the obligations that it alleges were breached by CVS. International has wholly failed to do so. Accordingly, its breach of contract claim fails as a matter of law.

2. Unjust Enrichment

In its unjust enrichment claim, International repackages its breach of contract claim to assert that CVS unjustly inflated retail prices during its liquidations. Under New York law, "[t]he existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter." *Eagle Comtronics, Inc. v. Pico Products, Inc.*, 682 N.Y.S.2d 505, 506

(4th Dep't 1998) (citing *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 521 N.Y.S.2d 653, 656, (Ct.App. 1987)). On the other hand, where "there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, [a party] may proceed upon a theory of quantum meruit and will not be required to elect his or her remedies." *Leroy Callender, P.C. v. Fieldman*, 676 N.Y.S.2d 152, 153 (1st Dep't 1998) (quoting *Joseph Sternberg, Inc. v. Walber 36th St. Assocs.*, 594 N.Y.S.2d 144, 146 (1st Dep't 1993)).

Initially, International contends that CVS' argument with respect to this claim is contradicted by its argument related to the breach of contract claim. In effect, International contends that *if* its contract claim fails because this provision is lacking then there is no bar to its unjust enrichment claim. However, there can be no argument that International's claim covers the same *subject matter*. The fact that International's breach of contract claim fails does not affect the Court's analysis of its unjust enrichment claim.

International, however, also contends that its unjust enrichment claim is not limited to the three years covered by the parties' contract. While the complaint does not contain any allegation that would make this assertion clear, International's claim still must fail. While International must only meet notice pleading, its complaint wholly fails to state the basis of this claim. International does not allege a time frame related to this price inflation. It does not allege the type of product that it alleges was involved with price inflation. It does not allege any source of what the pricing should have been. As pled, it is not possible for any defendant to even begin to defend against the allegations. Accordingly, the claim fails to state a claim.

3. Fraud

International's fraud claim also repackages its breach of contract claim. International contends that CVS never intended to honor its obligation to offer all of its liquidation services to

6

International before all others and always intended to inflate its prices. However, as detailed above, the contract does not contain the terms relied upon by International. Moreover, International has failed to allege that CVS promised these terms at any point. As such, regardless of whether its claim is phrased as fraudulent inducement, promissory estoppel, or fraud, International has failed to plead a viable cause of action.

**IV.    CONCLUSION**

CVS' motion for judgment on the pleadings is GRANTED. The complaint is hereby DISMISSED. A telephone conference is hereby scheduled for counsel only on April 4, 2019 at 10:00 a.m. to discuss CVS' pending counterclaim.

IT IS SO ORDERED.

Date:   March 27, 2019                    */s/ John R. Adams*
                                          Judge John R. Adams
                                          UNITED STATES DISTRICT COURT